# EXHIBIT A

DEFENDANT TRANS UNION LLC'S NOTICE OF REMOVAL

8489266.2/SP/83057/2572/121516

ELECTRONICALLY FILED
2016 Nov 14 PM 4:47
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2016-LM-005335
Division: 11

Robyn Smith

vs.

Equifax Information Services, LLC et. al.

**SUMMONS**

To the above-named Defendant/Respondent:

        **Trans Union LLC**

        **RA:  THE PRENTICE-HALL CORPORATION SYSTEM, KANSAS, INC.**

        **2900 SW WANAMAKER DRIVE SUITE 204**

        **Topeka, KS  66614**

You are hereby notified that a lawsuit commenced against you will be on this court's docket at 09:00 AM, on 12/12/2016, to be held at the following location:

        Wyandotte County District Court

        Wyandotte County District Court

        710 N. 7th St.

        Kansas City, KS 66101

If you do not appear before this court or file an answer at such time, judgment by default will be taken against you for the relief demanded in the petition.

If you intend to appear at such time and dispute the petition, you must file an answer with the clerk of this court within 14 days thereafter.

If you are not represented by an attorney, the answer shall be signed by you.  The answer shall state the following:

(1) what the dispute is;

(2) any affirmative defenses you have to the claim; and

(3) your (or your attorney's) current address, phone number, fax phone number, and e-mail address.

You must also promptly send a copy of your answer to the plaintiff's attorney or the plaintiff, if the plaintiff has no attorney.



Clerk of the District Court

Electronically signed by Pam Brown on 11/15/2016 08:17:36 AM

**Documents to be served with the Summons:**

PLE: Petition Petition

ELECTRONICALLY FILED
2016 Nov 14 PM 4:47
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  2016-LM-005335

## In the District Court of Wyandotte County, Kansas
### Limited Actions Division

ROBYN J. SMITH,

           Plaintiff,

vs.

EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS
INC., TRANS UNION, LLC, BERLIN-
WHEELER, INC., KANSAS COUNSELORS
OF KANSAS CITY, LLC AND CMRE
FINANCIAL SERVICES, INC.,

           Defendants.

Case Number:   2016-LM-005335

Division: 11

## **PETITION**

COMES NOW Plaintiff, by and through counsel, and for Plaintiff's causes of action against Defendants states as follows:

1.     This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter FCRA) 15 U.S.C. §1681 et seq.

2.     Jurisdiction of this Court arises under 15 U.S.C. §1681p and 28 U.S.C. §1331.

3.     Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

4.     Plaintiff is a resident of Kansas.

5.      Defendant Equifax Information Systems, LLC (Equifax) is a Delaware Limited Liability Company.

6.      At all times relevant hereto, Defendant Equifax was and is engaged in the business of credit reporting, all within Kansas.

7.      Defendant Trans Union LLC (Trans Union) is an Illinois corporation.

8.      At all times relevant hereto, Defendant Trans Union was and is engaged in the business of credit reporting, all within Kansas.

9.      Defendant Experian Information Solutions Inc. is a Delaware corporation.

10.     At all times relevant hereto, Defendant Experian was and is engaged in the business of credit reporting, all within Kansas.

11.     Defendant Berlin Wheeler, Inc. is a Kansas corporation.

12.     At all times relevant hereto, Defendant Berlin Wheeler, Inc. was and is engaged in the business of collecting consumer debts, all within Kansas.

13.     Defendant Kansas Counselors is a Kansas corporation.

14.     At all times relevant hereto, Defendant Kansas Counselors was and is engaged in the business of collecting consumer debts, all within Kansas.

15.     Defendant CMRE Financial Services, Inc. is a California corporation.

16.     At all times relevant hereto, Defendant CMRE Financial Services, Inc. was and is engaged in the business of collecting consumer debts, all within Kansas.

17.     On November 9, 2015, Plaintiff petitioned for relief in Chapter 13 of the United States Bankruptcy Code in case number  in Kansas District Court.

18.     On January 14, 2016, a Chapter 13 plan was confirmed by the Bankruptcy Court.

19.     Defendants Berlin-Wheeler, Kansas Counselors, and CMRE Financial Services continued collection efforts by reporting past due balances on debts included in the Chapter 13 plan.

20.     Thereafter, Defendants Equifax, Trans Union, and Experian reported trade lines as past due that were included in the Chapter 13 plan while Plaintiff was current on her payments and misrepresented the status of the trade lines included in the bankruptcy despite being listed on the bankruptcy schedules.

21.     Defendants Equifax, Trans Union, and Experian reported both the bankruptcy filing and the accurate reporting of the other creditors, but allowed these debts to remain misreported in the remainder of the credit report.

22.     Defendants Equifax, Trans Union, and Experian have been reporting and reinserting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

23.     The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, and Plaintiff's financial responsibility as a debtor and s credit worthiness.

**Count I – Violations of the Fair Credit Reporting Act – Defendants Equifax, Experian and Trans Union**

Comes now Plaintiff and for Count I against the Defendants Equifax, Experian, and Trans Union states and alleges to the Court as follows:

24.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25.     At all times pertinent hereto, Equifax regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

26.     At all times pertinent hereto, Trans Union, LLC regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

27.     At all times pertinent hereto, Experian regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

28.     At all times pertinent hereto, the Plaintiff is a individuals and hence a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

29.     At all times pertinent hereto, the above-mentioned credit reports were written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character,

general reputation, personal characteristics, or mode of living which is used or expected

to be used or collected in whole or in part for the purpose of serving as a factor in

establishing the consumer's eligibility for credit or insurance to be used primarily for

personal, family, or household purposes; employment purposes; or any other purpose

authorized under 15 U.S.C. 1681b.

30.    Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Equifax,

Experian, and Trans Union are liable to the Plaintiff for willfully and negligently failing

to comply with the requirements imposed on consumer reporting agencies of information

pursuant to 15 U.S.C. §1681e(b) in assuring reasonable procedures to assure maximum

possible accuracy to prevent such reporting of inaccurate information in Plaintiff's

reports.

31.    The conduct of Defendants Equifax, Experian, and Trans Union were a direct and

proximate cause, as well as a substantial factor, in bringing about the serious injuries,

actual damages and harm to the Plaintiff that are outlined more fully above and, as a

result, Defendants Equifax, Experian, and Trans Unions are liable to the Plaintiff for the

full amount of statutory, actual and punitive damages, along with the attorneys' fees and

the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff seek judgment in Plaintiff's favor and damages against

the Defendants Equifax, Experian, and Trans Union based on the following requested

relief:

a.    Statutory damages;

b.    Actual damages;

c.    Punitive damages

d.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n and

1681o; and

e.    Such other and further relief as may be necessary, just and proper


**Count II – Violations of the Fair Debt Collection Practices Act – Defendants
Berlin Wheeler, Kansas Counselors, and CMRE Financial Services, Inc.**


COMES NOW Plaintiff, and as for Count II against Defendant Berlin Wheeler,

Kansas Counselors, and CMRE Financial Services, Inc. states and alleges as follows:

32.    Plaintiff incorporates herein the preceding paragraphs as though fully set

forth hereunder.

33.    This is an action for damages brought by an individual consumer for

Defendant Berlin Wheeler, Kansas Counselors, and CMRE Financial Services, Inc.'s

violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter

FDCPA), which prohibits debt collectors from engaging in abusive, deceptive, and unfair

practices.

34.    Plaintiff is a consumer as defined by 15 USC §1692a(3) of the FDCPA.

35.    The principal purpose of Defendant Berlin Wheeler is the collection of

consumer debts using the mails and telephone, and Defendant Berlin Wheeler, Kansas

Counselors, and CMRE Financial Services, Inc. regularly attempts to collect debts alleged

to be due another.

36.    The principal purpose of Defendant Kansas Counselors is the collection of consumer debts using the mails and telephone, and Defendant Berlin Wheeler, Kansas Counselors, and CMRE Financial Services, Inc. regularly attempts to collect debts alleged to be due another

37.    The principal purpose of Defendant CMRE Financial Services, Inc. is the collection of consumer debts using the mails and telephone, and Defendant Berlin Wheeler, Kansas Counselors, and CMRE Financial Services, Inc. regularly attempts to collect debts alleged to be due another

38.    Defendant Berlin Wheeler is a debt collector as defined by 15 USC §1692a(3) who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another or by taking of assignment of a debt already declared to be in default by the originating creditor.

39.    Defendant Kansas Counselors is a debt collector as defined by 15 USC §1692a(3) who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another or by taking of assignment of a debt already declared to be in default by the originating creditor.

40.    Defendant CMRE Financial Services, Inc. is a debt collector as defined by 15 USC §1692a(3) who uses any instrumentality of interstate commerce or the mails in

any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another or by taking of assignment of a debt already declared to be in default by the originating creditor.

41.     The Defendant CMRE Financial Services, Inc. was attempting to collect a consumer debt as defined by 15 USC §1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

42.     The Defendant Berlin Wheeler was attempting to collect a consumer debt as defined by 15 USC §1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment

43.     The Defendant Kansas Counselors was attempting to collect a consumer debt as defined by 15 USC §1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment

44.     The standard in determining whether the Defendant Berlin Wheeler, Kansas Counselors, and CMRE Financial Services, Inc. violated the FDCPA is the least

sophisticated consumer standard.  Claims should be viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression or abuse.  *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 237 (2nd Cir. 1998); *Swanson v. Southern Oregon Credit Service*, 869 F.2d 1222, 1225-27 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172 -75 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).

47.     After the Chapter 13 plan was confirmed, Defendant Berlin Wheeler, Kansas Counselors, and CMRE Financial Services, Inc. reported a past balance due in an attempt to collect a debt for a creditor that was listed in Schedule F of the pleadings and was notified of the bankruptcy.

48.     At the time of the reporting, the account upon which Defendant Berlin Wheeler, Kansas Counselors, and CMRE Financial Services, Inc. was reporting was scheduled to not receive payment from the plan.

49.     At the time of the reporting, Plaintiff was current in her Chapter 13 payments.

50.     Defendant Berlin Wheeler, Kansas Counselors, and CMRE Financial Services, Inc. took collection efforts which were prohibited by the bankruptcy.

51.     15 U.S.C. § 1692e entitled false or misleading representations states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

52.     Specifically, Defendant Berlin Wheeler's acts violated the following subsections (5) the threat to take any action that cannot legally be taken or that is not intended to be taken.

53.     The above-described acts are misleading to least sophisticated consumer Defendant Berlin Wheeler's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

54.     As a result of the above violations of the stated Act, the Defendant Berlin Wheeler, Kansas Counselors, and CMRE Financial Services, Inc.is liable to the Plaintiff for actual damages; statutory damages up to $1,000.00 pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant Berlin Wheeler, Kansas Counselors, and CMRE Financial Services, Inc. for actual damages; statutory damages pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and for such other and further relief as may be just and proper.

Respectfully submitted,
By: /s/ A.J. Stecklein
A.J. Stecklein #16330
Michael Rapp #25702
Brian Johnson #26934
Stecklein & Rapp, Chtd.
748 Ann Avenue
Kansas City, KS 66101
Telephone:   (913) 371-0727
Facsimile:   (913) 371-0727
Email:  aj@kcconsumerlawyer.com
         mr@kcconsumerlawyer.com
         bj@kcconsumerlawyer.com
Attorneys for Plaintiffs

**Stecklein & Rapp Chartered**
748 Ann Avenue
Kansas City, Kansas 66101

**CERTIFIED MAIL** ®

7014 1820 0001 6275 4402



**Trans Union LLC**
RA: Prentice-Hall Corporation System Kansas
2900 SW Wanamaker Drive, Suite 204
Topeka, Kansas 66614

ELECTRONICALLY FILED
2016 Dec 09 PM 4:44
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2016-LM-005335

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

| | | |
|---|---|---|
| ROBYN J. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2016-LM-005335 |
| | ) | |
| EQUIFAX INFORMATION SERVICES, | ) | |
| LLC, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO PETITION

COMES NOW, Defendant Kansas Counselors of Kansas City, LLC ("Defendant" or "Kansas Counselors"), and for its Answer and Affirmative Defenses to the Petition states as follows:

1.      Defendant admits Plaintiff alleges violation of the Fair Debt Collection Practices Act, but denies Kansas Counselors violated the Fair Debt Collection Practice Act.

2.      The allegations in paragraph 2 of the Petition call for a legal conclusion to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations in paragraph 2 of the Petition.

3.      The allegations in paragraph 3 of the Petition call for a legal conclusion to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations in paragraph 3 of the Petition.

4.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 4 of the Petition and therefore denies the same.

4829-6571-0909.1

5.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 5 of the Petition and therefore denies the same.

6.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 6 of the Petition and therefore denies the same.

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 7 of the Petition and therefore denies the same.

8.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 8 of the Petition and therefore denies the same.

9.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 9 of the Petition and therefore denies the same.

10.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 10 of the Petition and therefore denies the same.

11.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 11 of the Petition and therefore denies the same.

12.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 12 of the Petition and therefore denies the same.

13.     Defendant admits the allegations in paragraph 13 of the Petition.

14.     Defendant admits Kansas Counselors collects consumer debts in Kansas.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 15 of the Petition and therefore denies the same.

16.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 16 of the Petition and therefore denies the same.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 17 of the Petition and therefore denies the same.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 18 of the Petition and therefore denies the same.

19.     Defendant denies the allegation in paragraph 19 of the Petition.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 20 of the Petition and therefore denies the same.

4829-6571-0909.1

21.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 21 of the Petition and therefore denies the same.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 22 of the Petition and therefore denies the same.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 23 of the Petition and therefore denies the same.

### Count I – Violations of the Fair Credit Reporting Act – Defendants Equifax, Experian and Trans Union

24.     Defendant incorporates its response to paragraphs 1-23 as though fully set forth herein.

25.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 25 of the Petition and therefore denies the same.

26.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 26 of the Petition and therefore denies the same.

27.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 27 of the Petition and therefore denies the same.

4

28.     The allegations in paragraph 28 of the Petition call for a legal conclusion to which no response is necessary.  To the extent a response is necessary, Defendant denies the allegations in paragraph 28 of the Petition.

29.     The allegations in paragraph 29 of the Petition call for a legal conclusion to which no response is necessary.  To the extent a response is necessary, Defendant denies the allegations in paragraph 29 of the Petition.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 30 of the Petition and therefore denies the same.

31.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 31 of the Petition and therefore denies the same.

### Count II – Violations of the Fair Debt Collection Practices Act – Defendants Berlin Wheeler, Kansas Counselors, and CMRE Financial Services, Inc.

32.     Defendant incorporates its response to paragraphs 1-31 as though fully set forth herein.

33.     Defendant admits Plaintiff alleges violation of the Fair Debt Collection Practice Act, but denies Kansas Counselor violated the Fair Debt Collection Practice Act.

34.     The allegations in paragraph 34 of the Petition call for a legal conclusion to which no response is necessary.  To the extent a response is necessary, Defendant denies the allegations in paragraph 34 of the Petition.

35.     Defendant admits Kansas Counselors collects debts. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 35 of the Petition and therefore denies the same.

5

36.     Defendant admits Kansas Counselors collects consumer debts. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 36 of the Petition and therefore denies the same.

37.     Defendant admits that Kansas Counselors collects debts. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 37 of the Petition and therefore denies the same.

38.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 38 of the Petition and therefore denies the same.

39.     The allegations in paragraph 39 of the Petition call for a legal conclusion to which no response is necessary.  To the extent a response is necessary, Defendant denies the allegations in paragraph 39 of the Petition.

40.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 40 of the Petition and therefore denies the same.

41.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 41 of the Petition and therefore denies the same.

42.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 42 of the Petition and therefore denies the same.

4829-6571-0909.1

43.     The allegations in paragraph 43 of the Petition call for a legal conclusion to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations in paragraph 43 of the Petition.

44.     The allegations in paragraph 44 of the Petition call for a legal conclusion to which no response is necessary.  To the extent a response is necessary, Defendant denies the allegations in paragraph 44 of the Petition.

45.     Defendant denies the allegations in paragraph 47 of the Petition.[1]

46.     Defendant denies the allegations in paragraph 48 of the Petition.

47.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 49 of the Petition and therefore denies the same.

48.     Defendant denies the allegations in paragraph 50 of the Petition.

49.     The allegations in paragraph 51 of the Petition call for a legal conclusion to which no response is necessary.  To the extent a response is necessary, Defendant denies the allegations in paragraph 51 of the Petition.

50.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 52 of the Petition and therefore denies the same.

51.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 53 of the Petition and therefore denies the same.

52.     Defendant denies the allegations in paragraph 54 of the Petition.

---

[1] Plaintiff's Petition omits numbered paragraphs 45 and 46.

7

4829-6571-0909.1

## AFFIRMATIVE DEFENSES

1. Plaintiff's claim is barred for failure to state a claim on which relief can be granted.

2. To the extent any statutory violation is found, which Defendant denies, the violation was the result of a bona fide error.

3. Plaintiff has no cause of action for violation of the FDCPA because Defendant's reporting of Plaintiff's accounts was not inaccurate or incomplete and/or Defendant was not reporting Plaintiff's accounts.

4. Plaintiff's claims are barred in whole or in part because she did not suffer any damages.

5. Plaintiff's claims are barred in whole or in part by her failure to mitigate her damages, if any.

6. To the extent Plaintiff has suffered or will suffer any damages, such damages were caused, in whole or in part, by the actions or omissions of other persons or entities over which Defendant had no control and for which Defendant is not liable, including, but not limited to, consumer reporting agencies or third parties. In the event any fault of Defendant is found to have caused or contributed to cause any damages to Plaintiff, which is denied, any recovery against Defendant must be reduced and limited by the comparative fault of such persons or entities.

7. To the extent Plaintiff has suffered or will suffer any damages, Plaintiff's own actions, inactions, or negligence have caused or contributed to such damages; therefore, Plaintiff's claims are barred, or, alternatively, any recovery due to Plaintiff must be reduced in proportion to such fault on the part of Plaintiff.

4829-6571-0909.1

8.      Plaintiff's claims are barred in whole or in part because Defendant maintained reasonable policies and procedures.

9.      Plaintiff's claims for exemplary or punitive damages violate the Fifth Amendment, the Eighth Amendment, and the laws of the State of Kansas.

10.     Defendant reserves the right to assert additional affirmative defenses as additional information is developed through discovery.

Dated:  December 9, 2016.                    Respectfully submitted,


/s/ William H. Henderson
William H. Henderson                    KS #21409
KUTAK ROCK LLP
2300 Main Street, Suite 800
Kansas City, MO  64108
Phone: (816) 960-0090
Facsimile: (816) 960-0041
William.Henderson@kutakrock.com
**ATTORNEYS FOR DEFENDANT**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on the 9th day of December, 2016, by electronic transmission through the Court's ECF system.

/s/ William H. Henderson
ATTORNEY FOR DEFENDANT

4829-6571-0909.1